**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANIKA MILLIS, | ) | Case No. CV 24-7688 FMO (MAAx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER REMANDING ACTION** |
| SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, et al., | ) | |
| Defendants. | ) | |

On August 30, 2024, Manika Millis ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Science Applications International Corporation ("SAIC") as well as Alex Wiercigroch, Quinn Monsen, Brent Reimer, Julie Bellagamba, Weislaw Kwiecien, Phong Pham, Lauren Smith, Jaye Parker, Jamie Hicks, and Erica Williams ("individual defendants") (collectively, "defendants"), asserting state law claims relating to her employment. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Exh. A, Complaint at ¶¶ 3-15). On September 9, 2024, SAIC removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at 1). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United

States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve such doubt in favor of remanding the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000.[2]  See 28 U.S.C. § 1332(a).  Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

Plaintiff is a citizen of California, (see Dkt. 1, NOR at ¶ 17), whereas SAIC is a citizen of Delaware and Virginia. (Id. at ¶ 16). However, SAIC failed to allege the citizenship of the individual defendants. (See, generally, id. at ¶¶ 16-17).

Although the Complaint alleges that the individual defendants are, like plaintiff, citizens of California, (see Dkt. 1-1, Exh. A, Complaint at ¶¶ 5-14) (alleging that the individual defendants are domiciled in California), it appears that SAIC is relying on 28 U.S.C. § 1441(b)(2), the so-called "forum defendant rule," see Casola v. Dexcom, Inc., 98 F.4th 947, 950 (9th Cir. 2024), to support removal despite the absence of complete diversity of the parties. (See Dkt. 1, NOR at ¶ 8) ("Complete diversity exists between Plaintiff and all served Defendants.") (emphasis added). Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." If further appears that SAIC has attempted to effect "what is known as a 'snap removal' – filing its notice[] of removal before service of the summons and complaint" on the forum defendants. Casola, 98 F.4th at 950. In effect, SAIC seeks to use snap removal as an end-run around the requirement of complete diversity, see 28 U.S.C. § 1332(a), by removing the action before the individual defendants have been served. (See Dkt. 1, NOR ¶¶ 8 &17) (referencing only the "served" defendant).

However, § 1441(b)(2) "does not render the citizenship of non-served defendants irrelevant for purposes of establishing diversity jurisdiction and the right to remove[.]" Pinter v. Arthur J. Gallagher Service Co., LLC, 2016 WL 614348, *4 (C.D. Cal. 2016). In other words, the forum-defendant rule only comes into play if there is complete diversity among the opposing parties under § 1332(a). It does not, as SAIC attempts to do, abrogate the requirement that complete diversity exist in order to establish the court's diversity jurisdiction. See Trotta v. URS Fed. Servs., Inc., 532 F.Supp.3d 985, 986 (D. Haw. 2021) ("Defendants misapprehend the snap removal doctrine, which cannot create jurisdiction where, as here, the parties are not diverse in the first instance."); Menchaca v. Howmet Aerospace, Inc., 2023 WL 2504995, *3 (C.D. Cal. 2023) (remanding where defendant attempted to use snap removal to establish complete diversity of

3

citizenship).  The court thus joins other district courts in holding that "[w]hen evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply because the defendant has not yet been served." Greenway Nutrients, Inc. v. Pierce, 2022 WL 17486359, *2 (C.D. Cal. 2022) (internal quotation marks omitted).

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that SAIC has met its burden.  Therefore, there is no basis for diversity jurisdiction.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. Any pending motion is denied as moot.

Dated this 22nd day of October, 2024.

/s/
Fernando M. Olguin
United States District Judge

4